## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ROBERT WADDLE**                                                    **PLAINTIFF**


**VS.**                        **4:18-cv-00131-SWW-JTR**

**FAULKNER COUNTY, ARKANSAS, and**
**MONTY MUNYAN, Individually as a**
**Licensed Practical Nurse providing**
**medical services at Faulkner County**
**Detention Center**                                        **DEFENDANTS**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

# I. Introduction

On February 15, 2018, Plaintiff Robert Waddle ("Waddle") filed this § 1983 action alleging that, while incarcerated in the Faulkner County Detention Center ("FCDC"), Defendant Monty Munyan ("Nurse Munyan") failed to provide him with constitutionally adequate medical care for an injury to his foot that was caused by him jumping down from his top bunk, and then delayed his receipt of proper medical care for that injury. *Doc. 1 at 2-3.* He also alleges state law claims against Nurse Munyan for conversion, outrage, and intentional infliction of emotional distress. *Id.* Finally, Waddle alleges a claim against Defendant Faulkner County for unconstitutional policies and practices governing how prisoners receive medical care. *Id. at 5.*

On June 21, 2019, Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts.[1]  *Docs. 10-12.*  Waddle, who is

---

[1]  Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial.  *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

represented by counsel, failed to file anything in response to Defendants' Motion for Summary Judgment and the time for doing so has long ago expired.[2]

Before reaching the merits of Defendants' Motion for Summary Judgment, the Court will review the relevant, *undisputed facts* giving rise to Waddle's claims.[3]

1.    On Wednesday, May 10, 2017, Waddle was arrested on various criminal charges[4] and booked into the FCDC.  *Doc. 12-1 at 3*.

2.    On Sunday, May 14, 2017, Waddle submitted a grievance, stating "I broke my foot yesterday and today I had a fever of 101 [due] to the [break] it has been over 24 h."  *Doc. 12-1 at 23*.

---

[2]  Because Waddle did not respond to Defendants' Statement of Facts (*Doc. 12*), all of those facts are now deemed to be *undisputed*.  *See* Fed. R. Civ. P. 56(e) ("If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion."); *Jackson v. Ark. Dep't of Educ. Vocational & Technical Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (citing Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to defendant's summary judgment motion).

[3] These facts are all drawn from Defendants' Statement of Facts, which is supported by: (1) the Affidavit of Nurse Munyan (*Doc. 12-2*); (2) the Affidavit of Chris Riedmueller, who is a custodian of records for the FCDC (*Doc. 12-1 at 1*); (3) Waddle's arrest report, booking sheet, and warrants (*Id. at 3-6*); (4) a printout of all of Waddle's grievances and requests during his 2017 incarceration (*Id. at 13-24*); (5) FCDC's medical policy (*Id. at 25-33*); and (6) FCDC's emergency medical policy (*Id. at 34-35*).

[4]  Waddle was arrested on warrants for failure to register as a sex offender, refusal to submit to arrest, fleeing, driving on suspended license, public intoxication, and multiple failure to appear charges.  *Doc. 12-1 at 5-6*.

3

3.    That same evening, the jail corporal telephoned Nurse Munyan[5] and informed him that Waddle was complaining that he had injured his foot and believed it was broken.  The corporal reported to Nurse Munyan that all of Waddle's vital signs were normal, except for an elevated temperature of 101 degrees.  *Doc. 12-2 at 1.*

4.    Nurse Munyan told the corporal to ice Waddle's foot and provide him with over-the-counter pain medication.  *Id*.

5.    On Monday, May 15, 2017, Nurse Munyan examined Waddle's foot.  *Doc. 12-2 at 2*.  He noticed some swelling and slight discoloration.  *Id*.  Nurse Munyan called FCDC's physician, Dr. Garry Stewart ("Dr. Stewart"), and reported his findings.  *Id*.  He told Dr. Stewart that Waddle's foot *might* be broken and that he was running a mild to moderate fever.  *Id. at 1*.

6.    During the phone call, Dr. Stewart and Nurse Munyan agreed that, because there was not excessive swelling or significant discoloration, Waddle's fever was unrelated to the injury to his foot.  *Id. at 2*.  Importantly, during their phone call, Dr. Stewart told Nurse Munyan that *Waddle did not need to go to the hospital*. *Id*.  Instead, Dr. Stewart ordered Nurse Munyan to place Waddle on the "doctor's

---

[5]  Nurse Munyan works for the Faulkner County Sheriff's Office as a Licensed Practical Nurse in the Faulkner County Jail.  *Doc. 12-2 at 1.*

call list" to be seen on Thursday, May 18, 2017, which was the day Dr. Stewart made his normal weekly round at FCMC. *Id*.

7.     On Thursday, May 18, 2017, Dr. Stewart examined Waddle's foot, concluded it might be broken, and ordered Nurse Munyan to schedule an x-ray.[6] *Id*.

8.     Nurse Munyan scheduled an x-ray for the following day at the Radiology Department of Baptist Medical Center in Conway.  This was the earliest available appointment for the x-ray. *Id*.

9.     On Friday, May 19, 2017, the x-ray confirmed that Waddle's foot was broken.  *Id*.  Medical personnel at Baptist Medical Center Conway gave Waddle a "soft sandal" to wear while his broken foot healed.  *Id*.

10.     Waddle was returned to FCDC later on May 19, 2017.  Nurse Munyan reviewed the after-care instructions from the hospital and called Dr. Stewart.  *Id*.  Dr. Stewart ordered Nurse Munyan to replace the soft sandal with a more protective boot that the jail had in stock.  *Id*.  Dr. Stewart also ordered Nurse Munyan to replace the hydrocodone prescribed by the hospital with over-the-counter pain medication.  *Id*. Nurse Munyan complied with those orders.  *Id*.

---

[6]  Waddle's fever resolved sometime before he saw Dr. Stewart on Thursday, May 18, 2017.  *Doc. 12-2 at 2*.  Thus, Dr. Stewart and Nurse Munyan were correct in their judgment that the cause of the fever was unrelated to Waddle's injured foot.

11.    On June 19, 2017, Waddle was released from the FCDC.  *Doc. 12-1 at 3.*

## II.  Discussion

### A.    Waddle's Inadequate Medical Care and Delayed Medical Care Claims Against Defendants

To overcome Defendants' Motion for Summary Judgment and proceed to trial on his inadequate medical care claims against Nurse Munyan, Waddle must come forward with evidence demonstrating that:  (1) the injury to his foot was an "objectively serious medical need;" *and* (2) Nurse Munyan "actually knew of but deliberately disregarded his serious medical need."  *See Saylor v. Nebraska,* 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).[7]

The Eighth Circuit has repeated emphasized that, to prove "deliberate indifference," requires an evidentiary showing of more than negligence or even gross negligence.  *Id.*  Further, it has repeatedly held that a prisoner's mere disagreement

--------

[7]  Because Waddle was a pretrial detainee while he was at the FCDC, his inadequate medical care claim must be analyzed under the Fourteenth Amendment's due process clause, instead of the Eighth Amendment's cruel and unusual punishment clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Because the Eighth Circuit applies the same legal standard to deliberate indifference claims under the Fourteenth and Eighth Amendments, this distinction has little practical relevance.  *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006); *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005).

with the course of care prescribed by a medical professional is *not* a sufficient evidentiary basis to prove "deliberate indifference." *Id.*; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). "[M]edical malpractice is not deliberate indifference." *Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 389 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To overcome Nurse Munyan's Motion for Summary Judgment on Waddle's delayed medical care claim, he must come forward with some evidence that he was actually harmed by the alleged delay in treatment he attributes to Nurse Munyan. *Jackson v. Riebold*, 815 F.3d 1114, 1120-1121 (8th Cir. 2016); *Gibson v. Weber*, 433 F.3d 642, 646-647 (8th Cir. 2006) (explaining that, to avoid summary judgment on a delay in medical care claim, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment).

In his Complaint, Waddle alleges that Nurse Munyan: (1) knew about his foot injury for two days before he saw him; (2) "did not arrange to have any prescription medication given for pain or even non-prescription medication"; and (3) made Waddle wear a boot designed for a broken ankle, after he returned from the hospital,

rather than the soft-sandal provided by the hospital.  *Doc. 1 at 4*.  As a matter of law, the allegations in the Complaint filed by Waddle's attorney do *not* constitute "facts" and are not sufficient to rebut the *unchallenged* Statement of Undisputed Material Facts filed by Defendants in support of their Motion for Summary Judgment.

While the injury to Waddle's foot constituted an objectively serious medical need, there is *no evidence* that Nurse Munyan *knew* Waddle's foot was broken until after x-rays were taken on May 19, 2017.  There is also *no evidence* that Nurse Munyan ever "purposely" withheld or delayed medical treatment for that injury.

The undisputed facts establish that Nurse Munyan learned of Waddle's injury on the evening of Sunday, May 14, 2017.[8]  Once he became aware of the injury, Nurse Munyan immediately directed staff to provide Waddle with ice and non-prescription pain medications.  The next day, Nurse Munyan examined Waddle's injured foot, which was mildly swollen and only slightly discolored.  Nurse Munyan then consulted with Dr. Stewart, *the same day*, and told him that Waddle's foot *might* be broken.

---

[8]  Waddle's grievance/request log contains all requests and grievances submitted by Waddle during his 2017 incarceration.  According to those records, Waddle did not grieve or request medical attention until May 14, 2018.  *See* Affidavit of Capt. Riedmueller, *Doc. 12-1 at 1, ¶ 2*; *Id. at 23*.

*Dr. Stewart*, who is not a party to this action, then determined that: (1) Waddle did not need to go to the hospital; and (2) Waddle could wait three days to be seen *by him* during his normal Thursday rounds at FCDC. On May 18, 2017, Dr. Stewart examined Waddle's foot and agreed it *might* be broken. Dr. Stewart directed Nurse Munyan to schedule an x-ray at the hospital. Nurse Munyan immediately scheduled an x-ray for the earliest possible date, which was the very next day, May 19, 2017.

*At most*, Nurse Munyan was arguably negligent, on May 15, when he examined Waddle's foot, but failed to recognize it was broken or press Dr. Stewart to order an immediate x-ray. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (finding that "[a] medical decision not to order an x-ray" is not "cruel and unusual punishment" and "at most it is medical malpractice"); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (no deliberate indifference when nurse determined inmate should be sent for an x-ray in a day or two based on the nurse's determination that the injury wasn't urgent); *Johnson v. Busby*, 452 F.3d 967, 971 (2006) (only negligence despite the fact that an x-ray was performed a month after nurse determined hand might be broken).

Importantly, Waddle has provided *no evidence* that Nurse Munyan ever refused him medical treatment and there is *no evidence*, medical or otherwise, that he was harmed by the five day delay in receiving the x-ray that determined his foot

9

was broken.  Finally, the five day delay in Waddle receiving this x-ray was caused by *Dr. Stewart's* exercise of *his medical judgment* that Waddle's injury could wait until he could see and examine his foot on Thursday.  *Nurse Munyan had nothing to do with that decision*.

As to Waddle's allegation that Nurse Munyan did not allow him to wear the "soft-sandal" he received from the hospital, it is undisputed that Dr. Stewart *ordered* Nurse Munyan to replace the "soft sandal" with a protective "boot" that the jail had in stock.  Once again, Nurse Munyan had *nothing* to do with that decision.

Finally, because all of Waddle's underlying constitutional claims against Nurse Munyan fail, he has no legal basis to challenge the allegedly unconstitutional policies, practices, or customs of Defendant Faulkner County.  *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Roe v. Humke*, 128 F.3d 1213, 1218 (8th Cir. 1997) (requiring an underlying violation of a plaintiff's constitutional rights in order to bring a claim for inadequate policies, customs, and training).

### B.    Waddle's State Law Claims Against Nurse Munyan

Waddle's Complaint also asserts state law claims of conversion, outrage, and intentional infliction of emotional distress, against Nurse Munyan.  *See "Legal Claims" of Pl.'s Compl., Doc. 1 at 4-5*.  It is well settled that a federal trial court may decline to exercise supplemental jurisdiction over pendent state law claims

when all of the federal claims over which the court had original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (holding that a district court did not err when it declined to exercise supplemental jurisdiction over a state medical malpractice claim after the inmate's federal claims were dismissed due to a lack of exhaustion). Because Defendants are entitled to summary judgment on all of Waddle's § 1983 claims, the Court should decline to exercise supplemental jurisdiction over his pendent state law tort claims, which should be dismissed, without prejudice, so that Waddle can pursue them, if he so chooses, *in state court*.

### III. Conclusion

Defendants Nurse Munyan and Faulkner County are entitled to summary judgment on all of the § 1983 claims Waddle has asserted against them, and those claims should be dismissed, with prejudice. The pendent state law claims he has asserted against Nurse Munyan should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for Summary Judgment *(Doc. 10)* be GRANTED, and Waddle's § 1983 claims against Nurse Munyan and Faulkner County, Arkansas be DISMISSED, WITH PREJUDICE.

11

IT IS FURTHER RECOMMENDED THAT Waddle's pendent state law claims against Nurse Munyan be DISMISSED, WITHOUT PREJUDICE.

DATED this 3rd day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE